BUCKLEYSANDLER LLP
DONNA L. WILSON (SBN 186984)
JOHN W. MCGUINNESS (SBN 277322)
dwilson@buckleysandler.com
jmcguinness@buckleysandler.com
100 Wilshire Boulevard, Suite 1000
Santa Monica, CA 90401
Phone (310) 424-3900
Fax (310) 424-3961

Attorneys for Defendant
CARRINGTON MORTGAGE SERVICES, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| AHMED ABDELFATTAH, an individual,<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>CARRINGTON MORTGAGE SERVICES LLC, a limited liability corporation,<br><br>　　　　　　　　　　　　　Defendant. | Case No. 5:12-cv-04656-RMW<br><br>**REPLY IN SUPPORT OF DEFENDANT CARRINGTON MORTGAGE SERVICES, LLC'S MOTION TO STRIKE CLASS ALLEGATIONS, OR IN THE ALTERNATIVE, MOTION TO BIFURCATE**<br><br>Hearing Date:　May 24, 2013<br>Time:　9:00 a.m.<br>Place:　Courtroom 6 – 4th Floor<br>Judge:　Hon. Ronald M. Whyte |

# TABLE OF CONTENTS

**INTRODUCTION**..................................................................................................................1

**ARGUMENT**........................................................................................................................2

    **I.**    **Section 1785.31 Requires Class Allegations of Actual Damages and Causation** ...............................................................................................................2

        **A.**    **Actual Damages Are Required Under Subsection (c)** ............................3

            **1.**    *Trujillo* **is Not Distinguishable From the Present Case**...............3

            **2.**    **The Statutory Text Supports the Damage Requirement**............4

            **3.**    **Punitive Damages Require Actual Injury** ..................................6

        **B.**    **Subsection (b) is Not an Open Invitation to Uninjured Plaintiffs** .........7

        **C.**    **Plaintiff Acknowledges That His Proposed Class Definition Cannot Survive if Actual Damages and Causation Are Required** ........8

    **II.**    **Plaintiff's Class Allegations Fail Regardless of the Actual Damage Requirement** .................................................................................................................9

        **A.**    **Plaintiff Improperly Forecloses Class Members' Rights to Damages** ................................................................................................9

        **B.**    **Plaintiff Does Not Have Standing to Represent the Putative Class Members** ..............................................................................................10

    **III.**    **In the Alternative, Bifurcation is Appropriate**...................................................11

**CONCLUSION** ....................................................................................................................12

# TABLE OF AUTHORITIES

**Cases**

*Arevalo v. Bank of Am. Corp.*,
  850 F. Supp. 2d 1008 (N.D. Cal. 2011) .................................................................................. 10, 11

*Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*,
  637 F.3d 827 (7th Cir. 2011) ........................................................................................................ 10

*Banga v. Chevron U.S.A. Inc.*,
  No. C-11-01498, 2013 WL 71772 (N.D. Cal. Jan. 7, 2013) .............................................. 2, 3, 6, 7

*Blum v. Yaretsky*,
  457 U.S. 991 (1982) ..................................................................................................................... 10

*Brazil v. Dell Inc.*,
  No. C07-01700 RMW, 2008 WL 4912050 (N.D. Cal. Nov. 14, 2008) ....................................... 10

*California Hous. Fin. Agency v. E.R. Fairway Assocs. I*,
  37 Cal. App. 4th 1508 (1995) ........................................................................................................ 4

*Chavez v. Times-Mirror Co.*,
  72 Cal. App. 694 (1925) ................................................................................................................. 6

*DeMando v. Morris*,
  206 F.3d 1300 (9th Cir. 2000) ....................................................................................................... 7

*Dryden v. Lou Budke's Arrow Fin. Co.*,
  630 F.2d 641 (8th Cir. 1980) ......................................................................................................... 7

*Gonzales v. Arrow Fin. Servs., LLC*,
  660 F.3d 1055 9th Cir. 2011) ......................................................................................................... 5

*Greenwood v. Compucredit Corp.*,
  No. 08-04878 CW, 2010 WL 4807095 (N.D. Cal. Nov. 19, 2010) .............................................. 10

*In re Tobacco II Cases*,
  46 Cal. 4th 298 (2009) ................................................................................................................... 4

*Irwin v. Mascott*,
  112 F. Supp. 2d 937 (N.D. Cal. 2000) ........................................................................................... 7

*Kizer v. Cnty. of San Mateo*,
  53 Cal. 3d 139 (1991) .................................................................................................................... 6

*Kramer v. Intuit, Inc.*,
  121 Cal. App. 4th 574 (2004) ........................................................................................................ 8

*Monsanto Co. v. Geertson Seed Farms*,
  130 S.Ct. 2743 (2010) .................................................................................................................... 8

*People v. Benson*,
  18 Cal. 4th 24 (1998) .................................................................................................................. 5, 6

*People v. Palacios*,
  41 Cal. 4th 720 (2007) ................................................................................................................... 6

*Pirian v. In-N-Out Burgers*,
  No. SACV061251, 2007 WL 1040864 (C.D. Cal. April 5, 2007) ................................................. 6

*Ryman v. Sears, Roebuck & Co.*,
  505 F.3d 993 (9th Cir. 2007) ...................................................................................................... 3, 7

*San Francisco BART v. Spencer*,
  No. C04-04632 SI, 2007 WL 1450350 (N.D. Cal. May 14, 2007) ............................................... 7

*Standard Fire Ins. Co. v. Knowles*,
  133 S.Ct. 1345 (2013) .................................................................................................................... 9

*State ex. rel. Dockstader v. Hamby*,
  162 Cal. App. 4th 480 (2008) ...................................................................................................7
*Tietsworth v. Sears*,
  720 F. Supp. 2d 1123 (N.D. Cal. 2010) ....................................................................................4
*Trujillo v. First American Registry*,
  157 Cal. App. 4th 628 (2007) ........................................................................................... passim
*Vestar Dev. II, LLC v. Gen. Dynamics Corp.*,
  249 F.3d 958 (9th Cir. 2001) ....................................................................................................3
*Watkins v. Cnty. of Alameda*,
  177 Cal. App. 4th 320 (2009) ...................................................................................................5
*Werschkull v. United California Bank,*
  85 Cal. App. 3d 981 (1978) ......................................................................................................6
*Zivkovic v. So. Cal. Edison Co.*,
  302 F.3d 1080 (9th Cir. 2002) ................................................................................................11

**Statutes**
15 U.S.C. § 1640(a) .......................................................................................................................7
15 U.S.C. § 1681n(a)(1) .................................................................................................................6
15 U.S.C. § 1692k .........................................................................................................................7
Cal. Civil Code § 1785.31 ...................................................................................................... 4, 6, 7
Cal. Civil Code § 1785.31(a) .................................................................................................... 3, 7
Cal. Civil Code § 1785.31(b) .........................................................................................................7
Cal. Civil Code § 1785.31(c) ................................................................................................. 3, 4, 7
Cal. Penal Code § 1170.12(b) ........................................................................................................5
Cal. Penal Code § 12022.53 ...........................................................................................................6

**Rules**
Fed. Rule of Civil Procedure 21(f) ................................................................................................4
Fed. Rule of Civil Procedure 23 ........................................................................................... 4, 9, 10

## INTRODUCTION

In its Opening Brief, Carrington Mortgage Services, LLC ("CMS") established that under prevailing state appellate case law and federal district court precedent, Plaintiff's class allegations relating to his cause of action under the California Consumer Credit Reporting Agencies Act ("CCRAA") must be stricken for, among other things, having failed to meet the jurisdictional and statutory predicate of alleging that Plaintiff and each member of the class suffered actual damages caused by CMS's alleged conduct.

In his Opposition Brief ("Opposition"), Plaintiff makes two principal arguments, neither of which is availing. First, he devotes virtually his entire opposition in attempting to persuade this Court that *Trujillo v. First American Registry*, 157 Cal. App. 4th 628 (2007) – a case that Plaintiff implicitly concedes vitiates his currently proposed class – was somehow wrongly decided. Yet he fails to provide – as he must – "convincing evidence" that any court, state or federal, would reach a decision contrary to the *Trujillo* court. Indeed, Plaintiff wholly ignores that at least one federal court – in this district – has followed *Trujillo* in holding that to bring a claim under the CCRAA, all claimants must establish that they suffered actual damage caused by the defendant's alleged conduct. In any event, each of the arguments Plaintiff raises were addressed squarely by *Trujillo* and rejected.

Second, and in the alternative, Plaintiff contends that if putative class members are required under the CCRAA to establish actual damages and causation, that requirement has been satisfied through his prayer for relief seeking "reimbursement of any amount collected from class members after foreclosure," and his allegation (based on "information and belief") that CMS "attempts to collect money . . . in exchange for removing the balance due from the consumers' credit report." Notably, however, Plaintiff does not allege that any payments were made by putative class members due to CMS's alleged conduct, whether such payments were made to settle the putative class members' deficiency balance, or whether any payments in fact were made at all. The definition of the Proposed Class is similarly devoid of such limitations. The class allegations thus fail under *Trujillo* as well as federal procedural law.

As set forth below, what Plaintiff's Opposition makes clear is that, in his quest to craft a certifiable class, Plaintiff has improperly abandoned the rights and remedies of putative absent class members at the courthouse door. Plaintiff contends that he has suffered (and seeks relief for) actual damages, including emotional distress and foregone credit opportunities. He admits that he never paid any money to CMS to settle his foreclosure balance, or his approximately $43,618.43 deficiency. For members of the Proposed Class, however, he admits that he is not seeking damages similar to those he has allegedly suffered. Instead, he seeks only punitive damages – the award of which is statutorily dependent on, among other things, the amount of actual damages recovered by the class. Accordingly, on its face, the First Amended Complaint ("FAC") places putative class members in a worse position than they would be had they pursued their claims individually. The result is a textbook example of a conflicted plaintiff with atypical claims, placing the due process rights of the absent class members in jeopardy. For all of these reasons, as well as those set forth in the Opening Brief, Plaintiff's class allegations should be stricken.

## ARGUMENT

### I.  Section 1785.31) Requires Class Allegations of Actual Damages and Causation

In its Opening Brief, CMS established that the FAC's class allegations must be stricken for having failed to allege that the putative class members suffered actual damage caused by CMS's alleged conduct, as held by the courts in *Trujillo* and *Banga*. *See Trujillo v. First Am. Registry*, 157 Cal. App. 4th 628 (2007); *Banga v. Chevron U.S.A. Inc.*, No. C-11-01498, 2013 WL 71772, at *13 (N.D. Cal. Jan. 7, 2013).

Ignoring the Northern District's opinion in *Banga*,[1] Plaintiff devotes virtually his entire brief seeking to persuade this Court to ignore the *Trujillo* ruling, but provides no convincing evidence that any court, state or federal, would decide contrary to that decision's thorough and well-reasoned statutory interpretation. *See Ryman v. Sears, Roebuck & Co.*, 505 F.3d 993, 995 (9th

---

[1] In *Banga v. Chevron U.S.A. Inc.*, the Northern District followed *Trujillo* in granting summary judgment to the defendants in that case. *See* 2013 WL 71772, at *13. The *Banga* court found that plaintiff had failed to show actual damages under her CCRAA claim, noting that "[t]o state a claim under Section 1785.31 for either damages or injunctive relief, the Plaintiff must show actual damages." *Id.* (citing *Trujillo*, 157 Cal. App. 4th at 637-38).

Cir. 2007) ("[W]here there is no convincing evidence that the state supreme court would decide differently, a federal court is obligated to follow the decisions of the state's intermediate appellate courts.") (quoting *Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir. 2001)). Having failed to meet his burden, Plaintiff's class allegations should be stricken.

### A.     Actual Damages Are Required Under Subsection (c)

Section 1785.31(a) limits recovery for violations of the CCRAA to consumers "who suffer[] damages," providing, among other things, punitive damages "of not less than one hundred dollars ($100) nor more than five thousand dollars ($5,000) for each violation the court deems proper." Subsection (c) of that section qualifies this provision by allowing "punitive damages in the case of a class action, in an amount that the court may allow." Section 1785.31(c) (specifying relevant factors for the court to consider[2]). The interplay of these two provisions is that class claimants are not subject to capped punitive damages, but they are subject to the remainder of Section 1785.31's) requirements, including the actual damages prerequisite. *See Trujillo*, 157 Cal. App. 4th at 638.

#### 1.     *Trujillo* is Not Distinguishable From the Present Case

In attempting to draw a factual distinction between the present case and *Trujillo,* Plaintiff misses the relevant holding of the case. It is immaterial that *Trujillo* considered only the class representative's lack of actual damages. *Trujillo* mandates that actual damages are *always required* as a predicate to seeking punitive damages under Section 1785.31). *See Trujillo*, 157 Cal. App. 4th at 638; *Banga*, 2013 WL 71772, at *13. Plaintiff's putative class members cannot avoid this requirement. Indeed, it appears that under Plaintiff's interpretation of the statute, as an individual plaintiff he is required to allege actual damages and causation, but as a class representative he does not. Such a result is nonsensical. *Cf. Trujillo*, 157 Cal. App. 4th at 638 (noting that such an

---

[2] The factors identified in Subsection (c) further support the actual damages requirement under that subsection. In determining the punitive award for class plaintiffs, the statute instructs courts to consider "among relevant factors the *amount* of any actual damages awarded, the frequency of the violations, the resources of the violator and the number of persons adversely affected." Section 1785.31(c) (emphasis added). This formulation presupposes the presence of actual damages by turning on the *amount* of such damages, not whether they are present.

1  interpretation would "take all the teeth out of subdivision (a), absurdly breathing life into any
2  CCRAA complaint seeking punitive damages, even those filed by uninjured plaintiffs – i.e., by
3  anyone.").

4  Plaintiff similarly argues that the *Trujillo* inquiry is improper at this stage of the litigation,
5  arguing that "generally standing is only reviewed for class representatives." Opp. at 5 (quoting *In
6  re Tobacco II Cases*, 46 Cal. 4th 298, 319 (2009)). However, the propriety of evaluating class
7  members' standing at this juncture is irrelevant. Section 1785.31's actual damage requirement may
8  either be "considered an element of a CCRAA cause of action or a prerequisite to standing."
9  *Trujillo*, 157 Cal. App. 4th at 638-39. Here, the distinction does not matter. *See Tietsworth v.*
10 *Sears*, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010) (Under Rule 23, "as well as pursuant to Rule
11 21(f), [the] Court has authority to strike class allegations prior to discovery if the complaint
12 demonstrates that a class action cannot be maintained.").

13 **2.    The Statutory Text Supports the Damage Requirement**

14 Plaintiff also points to Subsection (c)'s "notwithstanding" clause to argue that Subsection
15 (c) supersedes Subsection (a).[3] Opp. at 5-6. As noted in *Trujillo*, the "notwithstanding" language
16 in Subsection (c) *does* supersede Subsection (a) "to the extent it caps punitive damages in
17 individual actions to an amount not less than $100 and not more than $5,000 per violation." *See*
18 *Trujillo*, 157 Cal. App. 4th at 638. However, it does *not* supersede the actual damage requirement
19 of that subsection. *See id*. To so read the statute would "take all teeth out of subdivision (a),
20 absurdly breathing life into any CCRAA complaint seeking punitive damages, even those filed by
21 uninjured plaintiffs – i.e., by anyone." *Id.*

22 Cases cited by Plaintiff support *Trujillo*'s interpretation of the statute. *See* Opp. at 3-6. For
23 instance, Plaintiff cites *California Hous. Fin. Agency v. E.R. Fairway Assocs. I*, 37 Cal. App. 4th
24 1508, 1515-16 (1995). *See* Opp. at 6. There, the court found that the "notwithstanding" clause in

---

[3] The clause appears in the first sentence of Subsection (c): "*Notwithstanding any other provision of this section*, any person who willfully violates any requirement imposed under this title may be liable for punitive damages in the case of a class action, in an amount that the court may allow." Section 1785.31(c) (emphasis added).

1  the statute at issue "qualifies the operative language" of related provisions only "*to the extent
2  contrary to or inconsistent with*" the provision bearing the "notwithstanding" clause.  *California
3  Hous. Fin. Agency*, 37 Cal. App. 4th at 1515-16 (emphasis added).  The court in *Watkins*, also cited
4  by Plaintiff, agreed with this analysis, clarifying that "[w]e do not mean to suggest counties may
5  rely on [the provision in question] to adopt restrictions … *beyond what is specifically authorized by
6  that section*."  *Watkins v. Cnty. of Alameda*, 177 Cal. App. 4th 320, 344-45 (2009) (emphasis
7  added).  These caveats are consistent with *Trujillo*'s construction of Subsection (c):  The provision
8  modifies Subsection (a) only insofar as is expressly provided, which is to authorize a different
9  *amount* of punitive damages for class action claimants – not a completely new standard for relief
10 that would waive the actual damage requirement.

11      The Ninth Circuit's reasoning in *Gonzales*, also cited by Plaintiff, further supports
12 *Trujillo*'s view.  *See* Opp. at 6.  In that decision, the Ninth Circuit noted that "California courts
13 have routinely concluded that the phrase 'notwithstanding any other provision' plainly and
14 unambiguously supersedes *contrary* provisions."  *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d
15 1055, 1065 n. 8 (9th Cir. 2011) (emphasis added) (citing various authorities).  The court thus found
16 that the provision containing the "notwithstanding" clause "supersedes any provision…*inconsistent*
17 with the referenced provisions."  *Id.*at 1065 (emphasis added).  The *Gonzales* holding does not
18 stand for the proposition that such language supersedes all other provisions.  Accordingly,
19 Subsection (c) only supersedes the contrary aspects of Subsection (a) – specifically, the amount of
20 punitive damages authorized.  *See Trujillo*, 157 Cal. App. 4th at 638.

21      Plaintiff's reliance on the two California Supreme Court cases regarding the Three Strikes
22 Law is similarly misguided, as those decisions, too, found that only *contradictory* language in the
23 statutes in question superseded other provisions due to the "notwithstanding" clauses in both
24 statutes.  *See People v. Benson*, 18 Cal. 4th 24 (1998) (finding that Penal Code section
25 1170.12(b)'s definition of "prior conviction of a felony" included judicially stayed sentences

26
27
28

despite contradiction by another provision, which authorizes such stays);[4] *People v. Palacios*, 41 Cal. 4th 720 (2007) (finding that Penal Code section 12022.53, which lists qualifying Three Strikes penalties, was "unfettered" by another, contradictory section that prohibits punishment for two crimes arising from a single indivisible course of conduct).

Plaintiff's cited authorities thus harmonize with the statutory construction employed by the *Trujillo* court. And at any rate, the cited cases concern entirely different statutory regimes while *Trujillo*, as followed by *Banga*, sets forth a thorough and reasoned construction of the same statute and subsections at issue in this Motion. Accordingly, Plaintiff has not shown why the text of Section 1785.31) should be read any differently.

### 3. Punitive Damages Require Actual Injury

Plaintiff argues that actual injury is not required for an award of punitive damages. Opp. at 6-7. Plaintiff is wrong, as is demonstrated by *Trujillo* and the authorities cited therein. *See Trujillo* at 638; *Banga*, 2013 WL 71772, at *13. The opinion in *Werschkull v. United California Bank*, for instance, notes that "[i]t is well settled law in California that punitive damages cannot be awarded unless actual damages are suffered," providing a broad survey of the authorities on the subject. 85 Cal. App. 3d 981, 1002-003 (1978). This black letter legal concept is supported by countless more authorities. *See, e.g., Kizer v. Cnty. of San Mateo*, 53 Cal. 3d 139, 147-48 (1991) ("In California, as at common law, actual damages are an absolute predicate for an award of exemplary or punitive damages."); *Chavez v. Times-Mirror Co.*, 72 Cal. App. 694, 697 (1925) ("Exemplary damages are not recoverable in any case, unless plaintiff establishes his right to compensatory damages.").

The cases cited by Plaintiff do not contradict this long-standing rule because those cases stand for the proposition that actual damages are not required for an award of *statutory* damages – not punitive damages. *See Pirian v. In-N-Out Burgers*, No. SACV061251, 2007 WL 1040864 (C.D. Cal. April 5, 2007) (discussing the Fair Credit Reporting Act's explicit remedy of "statutory damages even in the absence of actual damages" under 15 U.S.C. § 1681n(a)(1)); *Irwin v. Mascott*,

---

[4] The statute in *Benson* is also distinguishable because that statute "provides explicitly that a stayed or suspended sentence is not exempt from qualifying as a strike." *Benson*, 18 Cal. 4th at 31; *see also Palacios*, 41 Cal. 4th at 728 (discussing *Benson*'s rationale).

1  112 F. Supp. 2d 937, 963 (N.D. Cal. 2000) (discussing the Fair Debt Collection Practice Act's
2  remedies of actual and statutory damages under 15 U.S.C. § 1692k); *Dryden v. Lou Budke's Arrow*
3  *Fin. Co.*, 630 F.2d 641, 647 (8th Cir. 1980) (discussing the Truth in Lending Act's remedies of
4  actual and statutory damages under 15 U.S.C. § 1640(a) (1976)); *DeMando v. Morris*, 206 F.3d
5  1300, 1303 (9th Cir. 2000) (same under amended version of Section 1640); *San Francisco BART v.*
6  *Spencer*, No. C04-04632 SI, 2007 WL 1450350, *12 (N.D. Cal. May 14, 2007) (discussing the
7  California False Claims Act, which does not require a showing of actual damages, causation, or
8  reliance for liability)[5]. Because the damages claimed by Plaintiff under the CCRAA are punitive
9  damages, actual damages are required. *See* Section 1785.31(a)(2)(B) ("punitive damages");
10 Section 1785.31(c) ("punitive damages"); *see also* FAC at 10 (requesting "punitive damages" on
11 behalf of the Proposed Class); *Trujillo* 157 Cal. App. 4th at 637-38.

### B.  Subsection (b) is Not an Open Invitation to Uninjured Plaintiffs

Plaintiff also argues that his class allegations state a claim for injunctive relief under Subsection (b), contending that this subsection, too, does not require actual damages. Again, Plaintiff is wrong. Injunctive relief is a *remedy* available under the CCRAA. *See* Section 1785.31(b). It is only available to claimants who can assert a cause of action under the CCRAA, which, among other things, requires that the consumer "suffer damages as a result of a violation" of the CCRAA. Section 1785.31(a). Here, too, Plaintiff attempts arguments have already been considered and decided, and Plaintiff has not shown that the previous decisions were wrong. *See Ryman*, 505 F.3d at 995; *see also Trujillo* 157 Cal. App. 4th at 637-38 (requiring "[a]ctual damage, not inherent harm"); *Banga*, 2013 WL 71772, at *13 ("To state a claim under 1785.31) for either damages or injunctive relief, the Plaintiff must show actual damages.")

This interpretation is consistent with the basic precepts of injunctive relief. A plaintiff seeking a permanent injunction generally must demonstrate that: "(1) it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate

---

[5] Notably, with respect to the False Claims Act, courts have held that "it is far from clear [that] the treble damages under CFCA constitute punitive damages." *State ex. rel. Dockstader v. Hamby*, 162 Cal. App. 4th 480, 489 (2008).

7

1 for that injury; (3) that, considering the balance of the hardships between the plaintiff and
2 defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved
3 by a permanent injunction." *Monsanto Co. v. Geertson Seed Farms*, 130 S.Ct. 2743, 2756 (2010).

4       Plaintiff, however, seems to suggest that he has adequately claimed injunctive relief for his
5 Proposed Class under Subsection (c) through vague allegations of past violations unsupported by
6 allegations of actual injury. *See, e.g.,* Opp. at 8-11; FAC.  For one, it is not "impossible," as
7 Plaintiff contends, to obtain "an injunction to prevent a threatened violation…if the court required
8 that the consumer suffer damages as a result of the violation."  Opp. at 9.  Injury is routinely
9 required of claimants seeking injunctive relief.  *See, e.g., Monsanto Co.*, 130 S.Ct. at 2756.  In the
10 context of the CCRAA, the injury requirement ensures that the injunctive remedy is reserved for
11 plaintiffs facing true harm.

12       Moreover, Plaintiff should not be permitted to hide behind his wide-open reading of the
13 injunctive relief standard to escape challenges at the pleading stage.  Such concerns were
14 acknowledged by the *Trujillo* court, which reasoned that allowing uninjured plaintiffs would
15 "open[] the floodgates, allowing anyone to assert a CCRAA cause of action as long as he or she
16 seeks an injunction."  *Trujillo*, 157 Cal. App. 4th at 637-38 (citing *Kramer v. Intuit, Inc.*, 121 Cal.
17 App. 4th 574, 579 (2004) (statutes must be read "to avoid absurd results")).  In short, the
18 legislature's rationale in limiting relief to those "who suffer damages as a result of a violation of
19 this title" would be thwarted if this Court were to adopt Plaintiff's interpretation.

20       Plaintiff's class allegations do not include allegations of actual damage, as demonstrated in
21 the Opening Brief.  Nor do they set forth any claim for threatened future CCRAA violations, as
22 opposed to alleged past violations.  Accordingly, Plaintiff's arguments are misplaced.

23       **C.**    **Plaintiff Acknowledges That His Proposed Class Definition Cannot Survive if**
24       **Actual Damages and Causation Are Required**

25       Plaintiff concedes that if actual damages and causation are required, the class definition as
26 proposed in the FAC cannot survive.  Opp. at 11-12.  Instead, in the Opposition Brief, Plaintiff
27 makes a back-door attempt at crafting an entirely new, undefined class that consists only of
28 putative class members that have made post-foreclosure payments to CMS "as a condition of

8

removing or altering the manner in which the account was reported" (hereinafter the "Alternative Proposed Class"). *Id* at 2, 11-12.

However, contrary to Plaintiff's assertion, the FAC does not set forth an allegation of actual damage and causation for this Alternative Proposed Class, either. Plaintiff relies on one allegation for his contention: "Based on information and belief, CMS *attempts* to collect money from foreclosed homeowners in exchange for removing the balance due from the consumers' credit reports." Opp. at 11 (quoting FAC ¶ 19) (emphasis added). Nowhere does this allegation – made on information and belief – state that CMS has in fact *collected* the alleged monies or that the payments were made to CMS "as a condition of removing or altering the manner in which the account was reported." *Compare* Opp. at 11. Nor are these alleged payments included in the FAC's class definitions. *Compare* Opp. at 11-12 *with* FAC ¶¶ 20-21. As a result, Plaintiff's class claims must be stricken.

## II.     Plaintiff's Class Allegations Fail Regardless of the Actual Damage Requirement

Even if Plaintiff could establish with convincing evidence that *Trujillo* and *Banja* were wrongly decided, and that there is no threshold requirement that each member of the class suffered actual damages caused by CMS's alleged conduct, Plaintiff's class allegations should be stricken.

### A.     Plaintiff Improperly Forecloses Class Members' Rights to Damages

Although Plaintiff, through the FAC, seeks to recover monetary damages for his own alleged emotional distress and lost credit opportunities, he does not similarly pursue such damages for the members of the putative class, apparently in an attempt to skirt the requirements of Rule 23. Moreover, because the amount of punitive damages to be awarded on a class basis depends in part on the actual damages awarded, *see* Section 178531(c), a class member could be strongly disadvantaged by having his claims pursued through a class action rather than on an individual basis. Such a strategy impermissibly infringes on absent class members' rights and evidences Plaintiff's inability to serve as an adequate class representative. *See* Fed. R. Civ. P. 23(a)(4); *Standard Fire Ins. Co. v. Knowles*, 133 S.Ct. 1345, 1349 (2013) (noting that "a court might find that [the class representative] is an inadequate representative due to the artificial cap he purports to impose on the class' recovery") (citing *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637

F.3d 827, 830-31 (7th Cir. 2011) (noting a class representative's fiduciary duty not to "throw away what could be a major component of the class's recovery")).

### B. Plaintiff Does Not Have Standing to Represent the Putative Class Members

Plaintiff also does not have standing to assert claims on behalf of the Proposed Class because his claims are too dissimilar from those of the putative class members. *See Arevalo v. Bank of Am. Corp.*, 850 F. Supp. 2d 1008 (N.D. Cal. 2011); *but see Brazil v. Dell Inc.*, No. C07-01700 RMW, 2008 WL 4912050, *5 (N.D. Cal. Nov. 14, 2008) (distinguished on the facts by *Arevalo*). This issue, often referred to as "intra-class differences," is an inquiry into whether a class representative has "standing to assert claims on behalf of absent class members" and is distinguishable from inquiries into the individual standing of class representatives or putative class members. *See id*. Courts have thus found that "class representatives who satisfied standing requirements in their own right" may still lack "standing to bring claims on behalf of some members of the class." *Id.* at 1018 (citing *Blum v. Yaretsky*, 457 U.S. 991, 1000-01 (1982)).[6]

In *Arevalo*, two named plaintiffs brought claims on behalf of a putative class of individuals who paid for a bank program and either were enrolled involuntarily or signed up for the program but were unable to use it. *Arevalo*, 850 F. Supp. 2d at 1015. The defendant brought a motion to dismiss, arguing that because the named plaintiffs admitted they did not enroll in the program, they did not have standing to represent that portion of the class. *Id.* at 1015-16. The court agreed with defendants, finding that "the only apparent similarity between class representatives and class members [who had voluntarily enrolled] is that both groups came to be enrolled." *Id.* at 1017.

---

[6] There is some debate within the Ninth Circuit as to whether the issue of intra-class differences is properly considered at the outset of the litigation as an issue of standing, or later, at the certification stage. *Compare id*. at 1016-1018 (discussing tension at length but ultimately characterizing the issue as "a standing challenge based on intra-class differences" to be resolved prior to certification) *with Greenwood v. Compucredit Corp.*, No. 08-04878 CW, 2010 WL 4807095, at *3 (N.D. Cal. Nov. 19, 2010) ("[T]he question whether [class representatives] may be allowed to present claims on behalf of others who have similar, but not identical, interests depends not on standing, but on an assessment of typicality and adequacy of representation.") *and Brazil*, 2008 WL 4912050, at *5 ("there is tension in the case law regarding whether intra-class differences implicate standing or the class certification requirements of Rule 23(a)"). Nonetheless, whether considered at the outset or at certification, the requirement is the same: A class representative's claims must be sufficiently similar to those of the class they purport to represent. Here, even at this stage, they clearly are not.

REPLY ISO MOTION TO STRIKE CLASS ALLEGATIONS, OR IN THE ALTERNATIVE, MOTION TO BIFURCATE
CASE NO. 5:12-CV-04656-RMW

1  Plaintiff and his Proposed Class are just as dissimilar as their counterparts in *Arevalo*. Plaintiff individually has alleged that due to CMS's alleged violation of the CCRAA, he "is unable to procure a loan on a new home, or obtain a refinance loan for his auto loan." FAC ¶ 17. In contrast, Plaintiff vaguely alleges, and contends further in his Opposition, that the Proposed Class is entitled to reimbursement for money paid to CMS "in exchange for removing the balance due from the consumers' credit reports." *See id.* at ¶ 19; *id.* at 10; Opp. at 2, 11-12. While Plaintiff purports to represent a class that has allegedly been injured through its payments to CMS after foreclosure, Plaintiff admits that *he* never made such a payment. *See* FAC ¶ 13; Opp. at 11-12. Plaintiff thus does "not have standing to bring claims on behalf of some members of [his proposed] class." *Arevalo*, 850 F. Supp. 2d at 1018. The class allegations should be stricken on this ground, as well.

### III. In the Alternative, Bifurcation is Appropriate

Plaintiff opposes bifurcation on the primary ground that "there is little reason to think that the discovery involved in this case is overly complex," contending further that bifurcation "would delay plaintiff's ability to conduct discovery necessary to certify the class." Opp. at 13-14. To the contrary, Plaintiff faces many challenges in certifying his Proposed Class that will demand extensive and complex discovery. The Court and parties need not waste time and resources through the protracted discovery that would be required for a certification motion when this matter may be easily disposed after limited discovery into the threshold issue of standing. *See Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) (bifurcation may defer "costly and possibly unnecessary proceedings pending resolution of potentially dispositive preliminary issues").

///
///
///
///
///
///
///

## CONCLUSION

For the reasons set forth above and in the Opening Brief, CMS respectfully requests that Plaintiff's class allegations be stricken. Plaintiff has failed to demonstrate otherwise in his Opposition. In the alternative, if this Court finds that the class allegations survive this facial challenge, CMS respectfully requests bifurcation.

Dated: May 10, 2013

DONNA L. WILSON
JOHN W. MCGUINNESS
BUCKLEYSANDLER LLP

By: /s/
Donna L. Wilson
Attorneys for Defendant
CARRINGTON MORTGAGE SERVICES, LLC

**Certificate of Service**

I hereby certify that on May 10, 2013, I electronically filed a true and correct copy of the foregoing with the Clerk of Court using the CM/ECF system and that all counsel of record will be served via the Notice of Electronic Filing generated by CM/ECF.

          /s/
Donna L. Wilson