UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AHMED ABDELFATTAH, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CARRINGTON MORTGAGE SERVICES LLC, a limited liability corporation,<br><br>Defendant. | Case No. C-12-04656-RMW<br><br>**ORDER GRANTING MOTION TO STRIKE**<br><br>[Re Docket No. 35 ] |

Defendant Carrington Mortgage Services ("CMS") moves to strike all class allegations asserted by plaintiff Ahmed Abdelfattah in his First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(f) and 23. At issue in this motion is whether the requirement for actual damages under section 1785.31(a) of the California Consumer Credit Reporting Agencies Act ("CCRAA") limits all relief available under the Act.

## I.   BACKGROUND

Abdelfattah originally secured a home loan for $540,000 in 2005. FAC ¶ 8, Dkt. No. 16. The loan was later acquired by CMS. After failing to make payments as agreed, CMS conducted a non-judicial foreclosure sale of Abdelfattah's home in May 2008. *Id*. ¶ 9. In 2012, Abdelfattah discovered that CMS nevertheless reported that he had a balance of $596,870, with $59,547 listed as

past due, to the relevant credit reporting agencies. *Id*. ¶¶ 10-11. Abdelfattah contends that the foreclosure sale of the home to CMS for $547,200 should have satisfied the balance due on his loan. *Id. ¶* 10. On June 20, 2012, he sent a letter to the credit reporting agencies (Equifax, Experian, and Transunion) and CMS disputing the balance on his account. *Id*. ¶ 14. CMS responded with a letter dated July 17, 2012, indicating it would not change the balance and that "the amounts past due were an accurate statement of what was due at the time of the report." *Id*. ¶ 16. The letter also stated that Abdelfattah was not party to the sale as another reason not to update the record. *Id*.

On behalf of himself, Abdelfattah alleges willful violations of the Fair Credit Reporting Act ("FCRA") and the CCRA. He also alleges violations of the CCRA on behalf of the class of individuals took out mortgage loans secured by California property; had the real property sold in a non-judicial foreclosure; and CMS reported to credit reporting agencies a loan balance that did not reflect the proceeds from the sale. *Id.* ¶¶ 20-21. On behalf of this class, Abdelfattah seeks reimbursement for any amount collected from the class members after the foreclosure; punitive damages for willful misconduct under California Civil Code section 1785.31(c);[1] an injunction; and attorneys' fees and costs. *Id.* at 10.

On February 7, 2013, the court issued an order denying in part and granting in part CMS's motion to dismiss. Order, Dkt. No. 30. The court dismissed the claim that reporting a deficiency following a non-judicial foreclosure sale is in and of itself a violation of FCRA or CCRAA. The court also dismissed any claim under FCRA for damages incurred prior to the dispute investigation deadline. *Id.* at 8. The court allowed the other claims to proceed. *Id.*

## II. ANALYSIS

CMS now moves to strike the class allegations under Federal Rule of Civil Procedure 12(f). Where the face of the complaint demonstrates that a class action cannot be maintained on the alleged facts, "a defendant may move to strike class allegations prior to discovery." *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009). CMS argues that Abdelfattah has failed to allege that the class suffered damages as a result of CMS's alleged violation of the CCRAA and that Abdelfattah is an inadequate class representative. CMS also moves the court to bifurcate discovery

---

[1] The FAC actually cites to 1785.31(a)(2)(B), but Abdelfattah notes in his opposition that the pertinent section for the class allegations is actually 1785.31(c).

to resolve standing issues prior to addressing the merits of Abdelfattah's and the class's claims. For the reasons explained below, the motion to strike the class allegations is granted and the remaining requests are therefore moot.

**A.     Class Allegations of Damages**

The court may strike from the pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Proc. 12(f). Abdelfattah brings class allegations under the CCRAA, which CMS claims requires a showing of damages as a result of a violation of the CCRAA to be entitled to relief. Def.'s Br. 6-8; Cal. Civ. Code § 17985.31. CMS argues that because Abdelfattah has failed to allege that the class suffered harm, the court should strike the class allegations as immaterial. Def.'s Br. 6. Abdelfattah counters that actual damages are not a prerequisite to punitive damages or an injunction and thus the class claims are proper. Opp'n 2-11.

Section 1785.31(a) allows a consumer who "suffers damages as a result of a violation of this title" to bring an action for those damages. Cal. Civ. Code § 1785.31(a). Abdelfattah does not bring class claims under section (a), but does bring class claims under sections (b) and (c). FAC 10. Section (b) makes injunctive relief available to a consumer "aggrieved by a violation or threatened violation of this title whether or not the consumer seeks any other remedy." § 1785.31(b). Finally, section (c) provides that "[n]otwithstanding any other provision of this section, any person who willfully violates" the requirements of the CCRAA may be liable for punitive damages in the case of a class action. § 1785.31(c). Although sections (b) and (c) appear on their face to operate independently of section (a), the California Court of Appeals has conditioned recovery under sections (b) and (c) on actual damages as required by section (a). *Trujillo v. First Am. Registry, Inc.*, 157 Cal. App. 4th 628, 637-38 (2007); *see Banga v. Chevron U.S.A. Inc.,* 2013 WL 71772, *13 (N.D. Cal. Jan. 7, 2013) (following *Trujillo*). The court must defer to the Court of Appeals "unless there is convincing evidence that the California Supreme Court would decide the matter differently." *California Pro-Life Council, Inc. v. Getman*, 328 F.3d 1088, 1099 (9th Cir. 2003); *see In re Watts*, 298 F.3d 1077, 1082 (9th Cir. 2002).

Here, the Court of Appeals has clearly held that sections 1785.31(b) and (c) both require actual damages and Abdelfattah has failed to present convincing evidence that the California

1   Supreme Court would decide the matter differently.  The court in *Trujillo* concluded that reading
2   sections (b) or (c) without section (a)'s actual damage requirement would "open the floodgates,"
3   allowing anyone to bring a claim.  *Trujillo*, 157 Cal. App. 4th at 637-38.  Furthermore, the court
4   interpreted that the term "aggrieved" in section (b) as limiting the injunctive remedy to "consumers
5   who have been actually injured."  *Id.* at 638.  And it noted that "actual damage is a general
6   prerequisite to recovering punitive damages" and thus it concluded that section (c) also requires
7   plaintiffs to have suffered some actual damages.  *Id.*

8   Abdelfattah cites two California Supreme Court cases that interpreted "notwithstanding"
9   differently from the way *Trujillo* interprets it in section (c).  *See* Opp'n 6; *People v. Palacios*, 41
10  Cal. 4th 720, 728 (2007); People *v. Benson,* 18 Cal. 4th 24, 28 (1998).  These cases, however,
11  interpreted criminal statutes that are part of completely different statutory schemes.  Both decisions
12  were available to the *Trujillo* court when it made its decision and the *Trujillo* court did not consider
13  them.  These decisions are not convincing evidence that the California Supreme Court would rule
14  contrary to *Trujillo.*  Abdelfattah also argues that the plain language of section (b) does not require
15  actual damages.  *See* Opp'n 8-11.  While his plain-language statutory interpretation might be
16  convincing in the absence of the *Trujillo* decision, it is insufficient to overcome a clear ruling by the
17  court of appeals.  Therefore, the court must follow *Trujillo*.

18  Because Abdelfattah has failed to allege that the class was harmed, as is required under
19  *Trujillo* to bring a claim under sections (b) or (c) of the CCRAA, the complaint is defective on its
20  face and thus the court strikes the class allegations with leave to amend.

21  **B.    Class Representation**
22  CMS argued in its reply that the class allegations should also fail because Abdelfattah is not
23  an adequate representative.  Reply 9-11, Dkt. No. 39.  A reply, however, is not the appropriate place
24  to raise new legal arguments.  *See Zamani v. Carnes,* 491 F.3d 990, 997 (9th Cir. 2007) ("The
25  district court need not consider arguments raised for the first time in a reply brief.").  Furthermore,
26  since the damages allegation has been stricken, the issue of a proper representative plaintiff is
27  currently moot.
28

ORDER GRANTING MOTION TO STRIKE
Case No. C-12-04656-RMW                - 4 -
SW

## III. ORDER

The court strikes Abdelfattah's class allegations with leave to amend. He has thirty days from the date of this order to file an amended complaint, if he can do so in good faith, that the purported class suffered actual damages and that Abdelfattah is an adequate class representative. The remaining issues raised are moot.

Dated: October 21, 2013



RONALD M. WHYTE
United States District Judge