CONSUMER LAW OFFICE OF WILLIAM E. KENNEDY
WILLIAM E. KENNEDY (CSB #158214)
wkennedy@kennedyconsumerlaw.com
2797 Park Avenue, Suite 201
Santa Clara, CA  95050
(408) 241-1000 - telephone
(408) 241-1500 – facsimile

LAW OFFICE OF TYLER S. HINZ
TYLER S. HINZ (CSB #280612)
Tyler.Consumer@gmail.com
2797 Park Ave, Suite 201
Santa Clara CA, 95050
(408) 218-6665-telephone

Attorneys for Plaintiff AHMED ABDELFATTAH and others similarly situated

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| AHMED ABDELFATTAH, an individual<br><br>                   Plaintiff,<br><br>     vs.<br><br>CARRINGTON MORTGAGE SERVICES LLC, a limited liability corporation.<br><br>            Defendant. | Case No.: CV12-04656 RMW<br><br>**OPPOSITION TO MOTION TO DISMISS THE THIRD CAUSE OF ACTION OF THE SECOND AMENDED COMPLAINT, OR IN THE ALTERNATIVE, MOTION TO STRIKE CLASS ALLEGATIONS**<br><br>**Date: February 21, 2014**<br>**Time: 9:00 a.m.**<br>**The Hon. Ronald M. Whyte**<br>**Courtroom 6 - Fourth Floor** |

OPPOSITION TO MOTION TO DISMISS/STRIKE         CV12-04656 RMW    i

# <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................................ iii

I.     INTRODUCTION ................................................................................................1

II.    ARGUMENT ......................................................................................................2

    A.    PLAINTIFF HAS SUFFICIENTLY PLEAD ENTITLEMENT TO INJUNCTIVE AND .... RESTITUTIONARY RELIEF UNDER THE UNFAIR COMPETITION LAW.................2

    B.    THE REMEDIES AVAILABLE UNDER THE UCL ARE CUMULATIVE TO REMEDIES UNDER PREDICATE STATUTES, AND THUS WHETHER AN ADEQUATE REMEDY OF LAW EXISTS IS IRRELEVANT ................................................................4

        1.    No Adequate Remedy at Law Exists for the Claims Asserted ..........................6

    C.    PLAINTIFF AND THE PUTATIVE CLASS HAVE ARTICLE III STANDING ..............7

        1.    Article III Standing Need Not be Shown by Absent Class Members...............................9

    D.    THE PLAINTIFF AND THE PUTATIVE CLASS MEMBERS ARE NOT REQUIRED TO MEET THE REQUIREMENTS FOR RELIEF UNDER THE CCCRAA ..........................11

IV.    CONCLUSION ....................................................................................................13

## **TABLE OF AUTHORITIES**

### **Federal Statutes**

15 U.S.C. § 1681 ........................................................................................................... 4
15 U.S.C. § 1681b ......................................................................................................... 7
15 U.S.C. § 1681s-2(a) .................................................................................................. 6
15 U.S.C. §1681 ............................................................................................................ 1

### **Federal Cases**

*Aho v. AmeriCredit Fin. Servs., Inc.,*
   2011 WL 2292810 (S.D.Cal. 2011) .......................................................................... 9
*Arnott v. U.S. Citizenship and Immigration Services,*
   290 F.R.D. 579 (C.D.Cal.2012) ............................................................................. 10
*Bates v. United Parcel Serv., Inc.,*
   511 F.3d 974 (9th Cir.2007)(en banc) ................................................................... 10
*Boring v. Nationstar Mortg., LLC.,*
   2014 WL 66776 (E.D.Cal.,2014) ............................................................................ 9
*Casey v. Lewis,*
   4 F.3d 1516 (9th Cir. 1993) .................................................................................... 9
*DiCarlo v. St. Mary Hosp.,*
   530 F.3d 255 (3d Cir.2008) ..................................................................................... 8
*Ellis v. Costco Wholesale Corp.,* 657 F.3d 970 (9th Cir.2011) ................................ 10
*Floyd v. Wells Fargo Home Mortg. Co.,*
   848 F.Supp.2d 635 (E.D.La.2012) .......................................................................... 7
*Gauci v. Citi Mortg.,*
   2011 WL 3652589 (C.D.Cal. 2011) ........................................................................ 6
*I.B. by and through Fife v. Facebook, Inc.,*
   2013 WL 6734239 (N.D.Cal.2013) ......................................................................... 9
*Jaffe v. HSBC North America Holdings Inc.,*
   2013 WL 6503712 (9th Cir. 2013) .......................................................................... 7
*Jones v. Experian Information Solutions, Inc.,*
   2013 WL 6020794 (S.D.N.Y.2013) ........................................................................ 8
*King v. Bank of America, N.A.,*
   2012 WL 4685993 (N.D.Cal.2012) ......................................................................... 8
*Lewis v. Casey,*
   518 U.S. 343 (1996) ............................................................................................... 10
*Lujan v. Defenders of Wildlife,*
   504 U.S. 555 (1992) ................................................................................................. 7
*Mazza v. American Honda Motor,*
   666 F.3d 581 (9th Cir.2012) .................................................................................. 10
*Newman v. Bank of New York Mellon,*
   2013 WL 1499490 (E.D.Cal.2013) ......................................................................... 9

*Officers for Justice v. Civil Service Com'n of City and County of San Francisco,*
  688 F.2d 615 (9th Cir. 1982) ............................................................................................ 12

*Pinto v. Holder,*
  648 F.3d 976 (9th Cir.2011) .............................................................................................. 10

*Rex v. Chase Home Finance LLC,*
  905 F.Supp.2d 1111 (C.D.Cal.2012) ................................................................................ 8, 9

*Stearns v. Ticketmaster Corp.,*
  655 F.3d 1013 (9th Cir.2011) ............................................................................................ 10

*Valasquez v. Chase Home Financial LLC,*
  2010 WL 3211905 (N.D.Cal. 2010) ................................................................................... 9

*Warth v. Seldin,*
  422 U.S. 490 (1975) ............................................................................................................ 8

*White v. Trans Union LLC,*
  462 F.Supp.2d 1079 (C.D.Cal.2006) ................................................................................. 9


**State Cases**

*Braco v. Superior Court,*
  2002 WL 472257 (Cal.App.2 Dist.2002) (unpublished) .................................................... 5

*Consumer Advocates v. DaimlerChrysler Corp.,*
  No. G029811, 2005 WL 327053, at *11-13 (Cal. Ct. App. Jan. 31, 2005) (unpublished)................. 4

*Cortez v. Purolator Air Filtration Products Co.,*
  23 Cal.4th 163 (2000) ............................................................................................... 4, 5, 11

*Gambill v. Greenwood,*
  22 So.2d 903 (Ala.1945) ..................................................................................................... 5

*Korea Supply Co. v. Lockheed Martin Corp.,*
  29 Cal.4th 1134 (2003) ................................................................................................. 6, 11

*Manufacturers Life Ins. Co. v. Superior Court,*
  10 Cal.4th 257 (1995) ......................................................................................................... 4

*People v. Santa Fe Federal Savings & Loan Ass'n,*
  28 Cal.2d 675 (1946) .......................................................................................................... 4

*Rose v. Bank of America, N.A.,*
  57 Cal.4th 390 (2013) ....................................................................................................... 11

*State v. Altus Finance, S.A.,*
  36 Cal.4th 1284 (2005) ....................................................................................................... 5

*Stop Youth Addiction, Inc. v. Lucky Stores, Inc.,*
  17 Cal.4th 553 (1998) ....................................................................................................... 11

*Tortolano v. Residential Credit Solutions,*
  2013 WL 943355 (Cal.App.2 Dist.2013)(unpublished) ..................................................... 9

*Trujillo v. First Am. Registry, Inc.,*
  157 Cal. App. 4th 628 (2007) ............................................................................................. 6

OPPOSITION TO MOTION TO DISMISS/STRIKE              CV12-04656 RMW        iv

**State Statutes**

California Business and Professions Code § 17200.................................................................. 2
California Business and Professions Code § 17203.................................................................. 5
California Business and Professions Code § 17205.................................................................. 5
California Civil Code § 1785.25(a).................................................................................... 1, 3, 6
California Labor Code § 1194................................................................................................... 5

## I.   INTRODUCTION

In this class action, Plaintiff Ahmed Abdelfattah challenges Carrington Mortgage Services LLC's ("Carrington") practice of reporting greatly inflated deficiency balances following the foreclosure of first mortgages. In Mr. Abdelfattah's case, Carrington reported to the credit reporting agencies that he owed $596,870 on his mortgage, even after Carrington had sold the property in foreclosure. (Second Amended Complaint "SAC" ¶¶ 11-12.)  Carrington, as the high bidder in the foreclosure sale paid $547,200 which satisfied most of the outstanding balance. (SAC ¶ 10) Notwithstanding, Carrington thereafter submitted a report to the credit reporting agencies that Mr. Abdelfattah owed the full balance, and refused to withdraw the reporting even after Mr. Abdelfattah disputed the account. (SAC ¶ 16, Exh. 1).  Accordingly, Carrington over reported Mr. Abdelfattah's debt by over half a million dollars.  When Mr. Abdelfattah contacted Carrington to request that it alter its credit reporting, he was told that in order for Carrington to do that, Mr. Abdelfattah would have to enter into a financial arrangement with them. (SAC ¶ 13)

Mr. Abdelfattah brings an individual claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq* and the California Consumer Credit Reporting Agencies Act, California Civil Code § 1785.25(a) ("CCCRAA").

Originally, Mr. Abdelfattah also pursued a class claim pursuant to the CCCRAA.  However, in response to Carrington's motion to strike, the Court ruled that claimants under the CCCRAA were required to show actual damages as a prerequisite to obtaining the Act's other remedies, including injunctive relief. The practical effect of this ruling was that each absent class member would be required to demonstrate actual damages, which raised substantial obstacles to class certification. Accordingly, Plaintiff filed a Second Amended Complaint which instead sought the remedies

available under California's Unfair Competition Law, Business and Professions Code § 17200, *et seq.* (hereinafter the "UCL").  The UCL prohibits "unlawful" acts, and thus prohibits violations of the CCCRAA.  As the UCL carries its own remedies, the requirement in the CCCRAA that class members show damages as a prerequisite to asserting a claim is inapplicable.

Carrington's present motion seeks to defeat Plaintiff's UCL claim on several grounds, none of which have merit. Most significantly, Carrington's claim that Plaintiff must show the absence of adequate legal remedies to bring a UCL claim is flatly contradicted by the UCL, which provides that its remedies are cumulative to those provided elsewhere. In any case, no adequate legal remedy exists for the claims asserted by Plaintiff and class members as the relevant statutes provide limited or no right to injunctive relief.  Carrington's argument that Plaintiff and the putative class have not met the standing requirements of the UCL and Article III is contradicted by case law which holds that the reporting of false derogatory credit information provides such standing. Finally, Carrington's argument that Plaintiff is not a suitable class representative is unsubstantiated and premature. Accordingly, Carrington's motion should be denied in its entirety.

## II.  ARGUMENT

### A.  PLAINTIFF HAS SUFFICIENTLY PLEAD ENTITLEMENT TO INJUNCTIVE AND RESTITUTIONARY RELIEF UNDER THE UNFAIR COMPETITION LAW

Carrington first argues that Plaintiff has not "allege[d] entitlement to the available relief" under the UCL, claiming that the SAC does "not include adequate, specific factual allegations that CMS actually received money from Plaintiff or the absent class members as a result of CMS's alleged CCCRAA violation."  Motion 7:14, 20-21.

As an initial matter, Carrington only challenges Plaintiff's allegations concerning restitution. It does not address or challenge Plaintiff's allegations concerning injunctive relief. Carrington's request to dismiss the UCL action in its entirety should be denied for that reason alone, as a claim for injunctive relief is sufficient to sustain a UCL claim. In any case, Carrington's assertion that Plaintiff has not adequately plead restitutionary relief is without basis, as Plaintiff has alleged the following in his SAC:

> 13. CMS refused to remove the balance due and stated that Mr. Abdelfattah would have to make a financial settlement with CMS to have the balance due removed from his consumer report. The CMS representative asked Mr. Abdelfattah how much he was willing to pay. . . .

> 21. . . . CMS regularly reports the full amount of its California non-judicially foreclosed loans as due and owing to the consumer credit reporting agencies even though all or part of the loan balance has been satisfied in a foreclosure sale.

> 22. Based on information and belief, CMS attempts to collect money from foreclosed homeowners in exchange for removing the balance due from the consumers' credit reports.

> . . .

> 44. Defendant has committed acts of unfair competition proscribed by the UCL, including the practices alleged herein. These acts of unfair competition include the following:

> a. CMS violated Civil Code section 1785.25(a) with respect to consumers by reporting to credit reporting agencies that borrowers whose properties were foreclosed owed amounts which did not account for the proceeds of the foreclosure sale.
> b. In response to complaints from borrowers about the credit reporting of inflated deficiency balances, CMS will only correct the credit reporting if consumers agree to pay money to CMS.

These allegations put Carrington on notice of the allegations, which can be summarized as: Carrington tried to extract money from Mr. Abdelfattah as a condition of correcting derogatory and erroneous credit information, but did not succeed. Based on his experience, Plaintiff believes that Carrington did this with other similarly situated consumers and seeks to force Carrington to disgorge this money under the UCL.

**B.    THE REMEDIES AVAILABLE UNDER THE UCL ARE CUMULATIVE TO REMEDIES UNDER PREDICATE STATUTES, AND THUS WHETHER AN ADEQUATE REMEDY OF LAW EXISTS IS IRRELEVANT**

Carrington next contends that Plaintiff and members of the putative class are barred from pursuing the equitable remedies of restitution and injunctive relief because of the availability of certain remedies under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") and the CCCRAA.

Importantly, Carrington does not cite any decisions of the California Supreme Court which support its contention.  In fact, the Supreme Court case which Carrington does cite – *Cortez v. Purolator Air Filtration Products Co*., 23 Cal.4th 163 (2000) -- is directly contradictory to Carrington's position. Furthermore, Business and Professions Code § 17205 states:

> Unless otherwise expressly provided, the remedies or penalties provided by this chapter are **cumulative** to each other and to the remedies or penalties available under **all** other laws of this state. (emphasis added)

The California Supreme Court has recognized the cumulative nature of the UCL's remedies in *Cortez* and other cases. *Id.* at 179; *Manufacturers Life Ins. Co. v. Superior Court,* 10 Cal.4th 257, 284 (1995) ("the Legislature has clearly stated its intent that the remedies and penalties under the UCL are cumulative to other remedies and penalties").

It is axiomatic that since the UCL provides remedies which are cumulative to remedies available under all other state laws, the existence of such other remedies does not preclude the availability of UCL remedies. "'It is said in Bouvier's Law Dictionary, Rawle's, 3rd Rev. 737, that 'A cumulative remedy is one created by statute in addition to one which still remains in force." *People v. Santa Fe Federal Savings & Loan Ass'n,* 28 Cal.2d 675, 683, (1946).

*Braco v. Superior Court*, 2002 WL 472257 (Cal.App.2 Dist.2002) recognized that the cumulative remedies provision invalidates any requirement to show the absence of an adequate remedy at law in order to obtain UCL remedies:

> First, the remedies under the UCL are cumulative, not alternative, and the existence of a remedy at law does not deprive Braco of her right to injunctive relief (nor does any consideration of the effectiveness of another remedy or whether some other remedy has been exhausted).

*Id*. at 2. The California Supreme Court has also recognized this principal, as have other courts. *State v. Altus Finance, S.A*., 36 Cal.4th 1284, 1303 (2005) ("Therefore, the fact that there are alternative remedies under a specific statute does not preclude a UCL remedy, unless the statute itself provides that the remedy is to be exclusive."); *See also*, *Gambill v. Greenwood,* 22 So.2d 903, 905 (Ala.1945) ("Our rule is ordinarily to deny equitable relief when an adequate remedy at law exists, unless that remedy is the result of a statute which affords a cumulative remedy.")

*Cortez, supra,* 23 Cal.4th 163, was an example of a UCL claimant asserting remedies which were unlawful because they violated a statute which itself had a private right of action. There, the plaintiff's class action claim sought compensation for unpaid overtime worked.  The complaint alleged a violation of the UCL based on violation of California Labor Code § 1194. *Id*. at 169. Section 1194 contains a private right of action, and allows for recovery of unpaid wages, interest, attorney's fees and costs.

Apart from being inconsistent with Business and Professions Code § 17205, Carrington's interpretation is inconsistent with the very purpose of the UCL. Carrington's position would prevent courts from enjoining unlawful practices in cases where a legal remedy at law exists pursuant to the underlying statute. But the UCL is intended to *prevent* unlawful practices from occurring.  Business and Professions Code § 17203 states:

The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.

The California Supreme Court has recognized the preventive purpose of the UCL. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1150 (2003). ("The 'overarching legislative concern [was] to provide a streamlined procedure for the prevention of ongoing or threatened acts of unfair competition.' [Citation.]"). Accordingly, Carrington's position should be rejected.

## 1.  No Adequate Remedy at Law Exists for the Claims Asserted

Even if Carrington's position is accepted, in fact, no adequate legal remedy at law exists. Carrington earlier argued in this case that consumers who had not yet suffered actual damages as a result of false credit information could not obtain injunctive relief under the CCCRAA. Although Plaintiff opposed this position, the Court adopted it in deference to *Trujillo v. First Am. Registry, Inc.*, 157 Cal. App. 4th 628 (2007) Docket #41, 3:12-26. Consumers must wait until they are damaged to bring a claim under the CCCRAA. As the UCL would allow them to obtain injunctive relief without waiting to be damaged, the CCCRAA does not provide an adequate remedy at law.

Neither does the FCRA provide an adequate remedy. First, no injunctive relief appears to be available under that Act. *Gauci v. Citi Mortg.*, 2011 WL 3652589, 3 (C.D.Cal. 2011) ("District courts in the Ninth Circuit agree that a private party may not obtain injunctive relief under the FCRA."). Second, the provision in the FCRA which parallels the CCCRAA contains no private right of action.[1]

---

[1] Plaintiff brings his claim under Civil Code § 1785.25(a), which is similar to 15 U.S.C. § 1681s-2(a). Civil Code § 1785.25(a) states: "A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." 15 U.S.C. § 1681s-2(a) states: "A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." *Jaffe v. HSBC North America Holdings Inc.*,  2013 WL 6503712, 1 (9th Cir. 2013) ("15 U.S.C. § 1681s–2(a) does not create a

Carrington is reporting that consumers owe debts of hundreds of thousands of dollars which do not exist. As credit reports are used not only for credit decisions, but also for employment, rental housing, insurance among other types of transactions[2], requiring plaintiffs to suffer harm first, and then bring an action, is an inadequate remedy.  *See Floyd v. Wells Fargo Home Mortg. Co.*  848 F.Supp.2d 635, 646 (E.D.La.2012) ("Plaintiffs allege that Wells Fargo refuses to stop its continuous negative financial reporting. Merely giving Plaintiffs damages would not adequately remedy this alleged continuous wrongdoing. Indeed, there is the threat of future conduct based on Plaintiffs' allegations.")

### C.    PLAINTIFF AND THE PUTATIVE CLASS HAVE ARTICLE III STANDING

Both the Plaintiff and the putative class have Article III standing.  To establish such standing, a plaintiff must adequately establish: (1) an injury in fact (i.e., a "concrete and particularized" invasion of a "legally protected interest"); (2) causation (i.e., a "fairly ... trace[able]" connection between the alleged injury in fact and the alleged conduct of the defendant); and (3) redressability (i.e., it is "likely" and not "merely speculative" that the plaintiff's injury will be remedied by the relief plaintiff seeks in bringing suit). *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992).  An "injury in fact" consists of "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Id* .at 560 (internal citations and quotation marks omitted). The "actual or threatened injury required by Article III may

private right of action")

[2] See 15 U.S.C. § 1681b, setting forth permissible purposes for accessing credit reports.

OPPOSITION TO MOTION TO DISMISS/STRIKE                     CV12-04656 RMW      7

exist solely by virtue of statutes creating legal rights, the invasion of which creates standing," *Warth v. Seldin*, 422 U.S. 490, 500 (1975) (internal quotation marks omitted).

Cases specifically addressing Article III standing for credit reporting situations find that erroneous credit reporting satisfies the Article III requirement regardless of whether actual damages are suffered:

> The Plaintiff is entitled to an accurate credit report. The FCRA provides that a CRA must conduct a "reasonable reinvestigation" if a consumer disputes an item on her credit report. 15 U.S.C. § 1681i(a)(1)(A). The FCRA further provides a consumer with a private right of action to enforce such right in the event a party "willfully fails to comply with any requirement" of the FCRA "with respect to any consumer." *Id.* § 1681n(a). These sections confer upon Plaintiff a statutory entitlement to a reasonable reinvestigation once she disputes an item on her credit report. Defendant's alleged failure to fulfill its statutory obligations with respect to Plaintiff caused Plaintiff an injury in fact—she did not get the benefit of the reasonable reinvestigation into the accuracy of her credit report to which she was statutorily entitled. This is an actual, concrete injury which is particularized to Plaintiff. Plaintiff's injury may be redressed through statutory and punitive damages. She may have suffered no actual damages but her rights were violated and Congress has provided statutory damages for any such violation.

*Jones v. Experian Information Solutions, Inc*., 2013 WL 6020794, 3 (S.D.N.Y.2013).

Further, by reporting an excessive obligation, Carrington is subjecting putative class members to an invalid debt. Such actions have been found to satisfy Article III as well.  *Rex v. Chase Home Finance LLC,* 905 F.Supp.2d 1111, 1145 (C.D.Cal.2012):

> Defendants' argument fails because an Article III injury exists where there is a dispute between parties as to the amount one owes under a contract, regardless of whether that amount has been "paid or not." *DiCarlo v. St. Mary Hosp.,* 530 F.3d 255, 263 (3d Cir.2008) (rejecting defendants' "argument that [p]laintiff's breach of contract claim fails because, not having paid the ... charges, [p]laintiff has suffered no damages"). The injury exists because an obligation under a contract "is incurred, whether paid or not." *See id.*

Moreover, several cases has found that reporting of inaccurate derogatory credit information meets the standing requirements under the UCL, which has been acknowledged to be more stringent that the Article III standard.  *King v. Bank of America, N.A.*, 2012 WL 4685993, 8 (N.D.Cal.2012)

("Allegations of a diminished credit score have been found to satisfy the UCL's standing requirement."); *Aho v. AmeriCredit Fin. Servs., Inc.,* 2011 WL 2292810, 2 (S.D.Cal. 2011) (finding economic injury where plaintiff alleged that "his credit report has been negatively affected by Defendant's reporting of the deficiency to credit reporting agencies"). *Valasquez v. Chase Home Financial LLC,* 2010 WL 3211905, 7-8 (N.D.Cal. Aug. 11, 2010); *Tortolano v. Residential Credit Solutions,* 2013 WL 943355, 8-9 (Cal.App.2 Dist.2013)(unpublished); *Newman v. Bank of New York Mellon,* 2013 WL 1499490, 7 (E.D.Cal.,2013); *Rex v. Chase Home Finance LLC*, 905 F.Supp.2d 1111, 1147-1148 (C.D.Cal. 2012) *Boring v. Nationstar Mortg., LLC*., 2014 WL 66776, 5 (E.D.Cal.2014).

White v. Trans Union LLC, 462 F.Supp.2d 1079 (C.D.Cal.2006) was very similar to this case, as plaintiff brought a class action based on the allegation that TransUnion "employ[ed] credit reporting practices that they allege falsely declare their discharged debts to be 'due and owing' and thereby inappropriately taint Plaintiffs' credit reports").  The court concluded that "[t]he perpetration of [c]redit reports containing inaccurate ... information regarding 'due and owing' debts is a sufficient injury to grant [the][p]laintiffs standing" to seek injunctive relief under the UCL. *Id*. at 1084.

The standing requirement under the UCL has been recognized as being more stringent than the Article III standing requirement.  *I.B. by and through Fife v. Facebook, Inc.,* 2013 WL 6734239, 6 (N.D.Cal.2013).  As putative class members satisfy the UCL standing, *a fortiori,* they satisfy the Article III standard.

### 1.    Article III Standing Need Not Be Shown by Absent Class Members

Several Ninth Circuit cases have stated that only the class representative must meet Article III requirements. *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) ("At least one *named* plaintiff must

satisfy the actual injury component of standing in order to seek relief on behalf of himself or the

class."(emphasis in original); *Bates v. United Parcel Serv., Inc.,* 511 F.3d 974, 985 (9th Cir.2007)(en

banc). ("In a class action, standing is satisfied if at least one named plaintiff meets the

requirements."), *Ellis v. Costco Wholesale Corp.,* 657 F.3d 970, 979 (9th Cir.2011) ("[O]nly one

named Plaintiff must meet the standing requirements."); *Stearns v. Ticketmaster Corp.,* 655 F.3d

1013, 1021 (9th Cir.2011)

　　　　While *Mazza v. American Honda Motor,* 666 F.3d 581, 594 (9th Cir.2012) states otherwise,

that decision contains neither analysis nor recognition of controlling precedent.  As discussed in

*Arnott v. U.S. Citizenship and Immigration Services*, 290 F.R.D. 579, 584 (C.D.Cal.2012), the *Mazza*

decision must yield to the previous Ninth Circuit decisions:

> It is improper for this Court to analyze unnamed class members' Article III standing where, as
> here, Defendants do not successfully challenge the putative class representatives' standing.
> *See Lewis v. Casey,* 518 U.S. 343, 395, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (Souter, J.,
> concurring) (class certification "does not require a demonstration that some or all of the
> unnamed class could themselves satisfy the standing requirements for named plaintiffs"). This
> Circuit has repeatedly held that "[i]n a class action, standing is satisfied if at least one named
> plaintiff meets the requirements.... Thus, we consider only whether at least one named
> plaintiff satisfies the standing requirements." *See Stearns v. Ticketmaster Corp.,* 655 F.3d
> 1013, 1021 (9th Cir.2011) (quoting *Bates v. United Parcel Serv., Inc.,* 511 F.3d 974, 985 (9th
> Cir.2007) (en banc)); *see also Ellis v. Costco Wholesale Corp.,* 657 F.3d 970, 979 (9th
> Cir.2011) ("[O]nly one named Plaintiff must meet the standing requirements.").
>
> Defendants cite *Mazza v. American Honda Motor Company* for the contrary proposition that
> "no class may be certified that contains members lacking Article III standing." 666 F.3d 581,
> 594 (9th Cir.2012). This single line in *Mazza,* unexplained and absent any discussion of prior
> Ninth Circuit precedent,[fn] directly contradicts *Bates,* which was rendered *en banc. See
> Bates,* 511 F.3d. A three judge panel cannot overrule prior Ninth Circuit precedent—let alone
> an *en banc* decision—unless "the reasoning or theory of [ ] prior circuit authority is clearly
> irreconcilable with the reasoning or theory of intervening higher authority." *Pinto v. Holder,*
> 648 F.3d 976, 982 (9th Cir.2011). There is no intervening higher authority in this case.
>
> Thus, while both Plaintiff and the putative class members easily have Article III standing, the

class members are not required to make such a showing.

**D.      THE PLAINTIFF AND THE PUTATIVE CLASS MEMBERS ARE NOT REQUIRED TO MEET THE REQUIREMENTS FOR RELIEF UNDER THE CCCRAA**

Carrington next argues that Plaintiff and the putative class are required to meet the CCCRAA's requirement of "actual damages" in order to obtain a remedy under the UCL, even though the class pleads no CCCRAA cause of action. The UCL, however, carries its own remedies independent of the remedies set forth in predicate statutes.  In *Rose v. Bank of America, N.A*., 57 Cal.4th 390, 397 (2013), the Supreme Court stated:

> Thus, we have made it clear that by borrowing requirements from other statutes, the UCL does not serve as a mere enforcement mechanism. It provides its own distinct and limited equitable remedies for unlawful business practices, using other laws only to define what is "unlawful."

*Cortez v. Purolator Air Filtration Products Co*., *supra*, 23 Cal.4th 163, 179, reinforces the notion that the UCL remedies are independent from remedies available under the predicate statute:

> UCL remedies are cumulative to remedies available under other laws (§ 17205) and, as section 17203 indicates, have an independent purpose deterrence of and restitution for unfair business practices.

As noted above, the "independent purposes" referred to include the prevention of ongoing or threatened acts of unfair competition" *Korea Supply Co. v. Lockheed Martin Corp., supra*, 29 Cal.4th 1134, 1150. These purposes would be frustrated if consumers were required to wait until they are damaged to correct their credit report.

Indeed, the Supreme Court has held that UCL remedies are available even when the predicate statute provides for *no* private remedy.  *Stop Youth Addiction, Inc. v. Lucky Stores, Inc*., 17 Cal.4th 553, 565, (1998) ("Neither from our discussion nor the authorities we cited in *Manufacturers Life,* however, does it follow that a private plaintiff lacks UCL standing whenever the conduct alleged to

constitute unfair competition violates a statute for the direct enforcement of which there is no private right of action."). Accordingly, Carrington's contention is without merit.

**E.    PLAINTIFF'S CLAIMS ARE TYPICAL OF THE CLASS' AND HE HAS ADEQUATELY REPRESENTED THE CLASS**

Carrington finally contends that Mr. Abdelfattah's situation is dissimilar from other class members and therefore Plaintiff's UCL action and/or his class allegations should be dismissed. Carrington also contends that Mr. Carrington is not adequately representing class members. Putting aside the fact that Carrington's arguments are more appropriately made at the class certification stage, its contentions are without merit. Mr. Abdelfattah's situation is fundamentally the same as those he seeks to represent.  Both Mr. Abdelfattah and the putative class were subject to Carrington's inaccurate credit reporting, resulting from Carrington's practice of reporting the entire loan balance as due and owing even after Carrington had sold the foreclosed property, and thus satisfied most or all of the outstanding balance. Both Mr. Abdelfattah and the putative class seek to require Carrington to correct its credit reporting. While Mr. Abdelfattah makes a claim for damages under the CCCRAA and the FCRA and the class does not, this is the result of class certification standards, which would not likely permit certification of the type of damage claims which typically result from erroneous credit reporting (credit denials and emotional distress). Also, as noted above, Mr. Abdelfattah attempted to bring a class claim under the CCCRAA but was stymied after the court ruled that a showing of actual damages is a prerequisite. Carrington points to no requirement that Mr. Abdelfattah waive his individual claims or that he must assert all claims he makes personally on behalf of the class as well.  *See Officers for Justice v. Civil Service Com'n of City and County of San Francisco*, 688 F.2d 615, 632 (9th Cir. 1982) ("We do not intend to suggest that class representatives may not state individual claims for relief in addition to class claims, but they did not here. Similarly, class

representatives need not request every type of relief for the class that they seek for themselves, although we think they did here."). Accordingly, Carrington's contentions are without merit.

## IV.   CONCLUSION

The objective of Carrington's motion is to allow it to continue reporting false derogatory credit information with respect to a class of individuals.  For the reasons set forth above, applicable law does not support this objective and Carrington's motion should be denied.


Dated: January 27, 2014          LAW OFFICE OF TYLER S. HINZ
                                 CONSUMER LAW OFFFICE OF WILLIAM E. KENNEDY

                         By:     ___/s/_____
                                 William E. Kennedy
                                 Attorneys for Plaintiff AHMED ABDELFATTAH and others
                                 similarly situated